Michael Higgins, Respondent, *v.* The Watervliet Turnpike and Railroad Company, Appellant.

A master is responsible *civiliter* for the wrongful act of a servant, if such act was committed in the business of the master, and within the scope of the servant's employment; and this, though in doing it, he departed from the instructions of the master.

Therefore, where the employee of a railroad company (a conductor), under a mistake of facts, or of judgment, ejected a person from the car in which he was a passenger, which act was not justified by the passenger's misconduct.—*Held*, that the company was liable. So, also, where there was justifiable cause for ejection, but excessive force was used (not wantonly or maliciously). *Hibbard* v. *N. Y. and E. R. R. Co.*, 15 N. Y., 467, explained.

(Argued May 30th, 1871; decided September 2d, 1871.)

Appeal from the judgment of the late General Term in the third judicial district, affirming the judgment entered upon a verdict at the Albany circuit, in favor of the plaintiff.

On the 13th day of July, 1866, plaintiff was a passenger on defendant's horse car in the city of Albany. He had paid his fare, and was forcibly thrown from the car by defendant's conductor and driver, who claimed that he was drunk and disorderly. He gave evidence tending to show this was not so, and the jury so found.

The court charged the jury, " that if the defendant used more force than was necessary, the company, and not the conductor, is liable for that and for the consequences." Also, that, " If the conductor was wrong, and acted without legal authority, then the company was liable for all the consequences resulting from the act."

To both which propositions defendant's counsel excepted.

The defendant's counsel requested the court to charge, " that the plaintiff cannot recover in this action, for any personal injuries occasioned by any assault upon him by Richardson, the conductor, or Beach, the driver, or either of them, there being no evidence of any authority from the company to

do it." Also, " that the plaintiff is not entitled to recover, in this action, any damages against the defendant, beyond those arising from its breach of contract, to convey the plaintiff to his place of destination."

The court refused so to charge, and defendant's counsel excepted.

*Samuel Hand*, for appellant, that the servant, and not the company, is liable for excess of force, *Hibbard* v. *N. Y. and E. R. R. Co.* (15 N. Y., 467, 468); 23 N. Y., 347; *Crocker* v. *New London R. R.* (24 Conn., 249, 265) ; Pierce on Railroad Law, 254 ; *Lowell* v. *Boston and Lowell R. R.* (23 Pick., 31) ; *McManus* v. *Crickett* (1 East, 106) ; *Vanderbilt* v. *Richmond T. Co.* (2 Comst., 479); *Wright* v. *Wilson* (19 Wend., 343); *Green* v. *McNamara* (8 C. B. N. S., 880); *Roe* v. *Birkenhead, etc., R. R.* (7 Exch., 36); *Brickner* v. *Frowart* (6 T. R., 659). The company is not liable for the assault, not having expressly or impliedly authorized it. ( *Wright* v. *Wilcox*, 19 Wend., 343; *Hibbard* v. *E. R. R. Co.*, 15 N. Y., 455 ; *Lyons* v. *Martin*, 8 A. & E., 512; *Mall* v. *Lord*, 39 N. Y., 381; *Church* v. *Mansfield*, 20 Conn., 287; *Thomas* v. *H. R. R. Co.*, 24 Conn., 54; *De Camp* v. *Miss. R. R. Co.*, 12 Iowa., 348; *Ayerigg's Ex.* v. *N. Y. R. R.*, 1 Vroom., N. J., 460; *Haack* v. *Fearing*, 35 How., 459.)

*Anson Bingham*, for the respondent. That principal is liable for malfeasance or misfeasance of agent. (Story on Agency, § 452; 1 Black Com., 429, 431; *New Orleans R. R. Co.* v. *Allbritton*, 38 Miss., 242; *The Vicksburg and Jackson R. R. Co.*, 31 Miss., 156; *Camp* v. *Miss., etc., R. R Co.*, 12 Iowa, 348; *Milwaukie R. R. Co.* v. *Finney*, 10 Wis., 388; *Echols* v. *Dodd*, 20 Texas, 190; *New Orleans R. R. Co.* v. *Bailey*, 40 Miss., 395; *Sharp* v. *New York*, 40 Barb., 256; *Wright* v. *Wilcox*, 19 Wend., 343; *Joel* v. *Morrison*, 8 Car. & P., 501; *Weed et al.* v. *Panama R. R. Co.*, 17 N. Y., 362; *P and R. R. R. Co.* v. *Derby*, 14 How. U. S., 468; *Brown* v. *N. Y. C. R. R. Co.*,

34 N. Y., 412; *Mulhado* v. *Brooklyn C. R. R. Co.*, 30 N. Y., 370; *Drew* v. *Sixth Ave. R. R. Co.*, 26 N. Y., 49; *Lee* v. *Village of Sandy Hill*, 40 N. Y., 448; *Goddard* v. *G. and R. Co.*, 57 Maine, 20, 26; Jurist, N. S., part 2, p. 143; *Pa. R. R. Co.* v. *Van Diver*, 42 Penn., 366.)

Andrews, J. Upon the theory that the act of the conductor, in removing the plaintiff from the car, was unlawful, and was not justified by the circumstances, the court was requested by the counsel for the defendant, to charge the jury, that the plaintiff could not recover for any personal injuries occasioned by the assault of the conductor, there being no evidence of authority from the company to commit it.

Upon the other theory of the case, that the expulsion was justified by the conduct of the plaintiff, but that unnecessary force, occasioning injury, was used in ejecting him. The court charged, that the defendant was liable for such injury.

Exception was taken by the defendant to the refusal of the court to charge as requested, and to the charge made. These exceptions present the questions made upon the argument.

The main contention on the trial, related to the conduct of the plaintiff, immediately before his removal from the car.

The evidence on the part of the defendant tended to show that he was noisy and disorderly; that he refused to obey the reasonable directions of the conductor, and that his expulsion was justified by his misconduct.

This version of the facts was controverted by the plaintiff, and we cannot decide, as a question of law, that the jury were not justified in finding with the plaintiff upon this issue.

But there is no evidence, that the act of the conductor was prompted by malice, or any wrongful intention, or by any motive, except to discharge what he supposed to be his duty under the circumstances. The request to charge must be regarded, as having been made with reference to this view of the facts, otherwise it was irrelevant and inapplicable to the case.

The expulsion of the plaintiff, if not justified by his misconduct, was an unlawful assault, and the question arises, whether the defendant is responsible for the injury occasioned by the unlawful act of its servant, done under a mistake of facts, or a mistake of judgment upon the facts, though in the course of the business of his master.

This question must be answered in the affirmative, in view of the nature of the service, in which the conductor was engaged, and the principle upon which the liability of the master for the acts of the servant rests.

The conductor was put by the defendant in charge of the car. Passengers were bound to conform to the reasonable rules and regulations of the company, and to behave themselves in an orderly manner, promoting thereby the mutual interest of the company and the public.

The company had the right to enforce order and decency, by expelling from the car a passenger guilty of disorderly and indecent conduct.

The defendant could only act through agents. The appointment of a conductor carried with it as an incident, authority to maintain order, and to eject a passenger who had forfeited his right to be carried by his misconduct.

This authority, it is true, was confined to the expulsion of persons who, in fact, misbehaved themselves so as to justify their expulsion; but whether, in a given case, the misconduct was such as to justify an expulsion, must necessarily be determined at the time of the transaction.

The duty of deciding is cast upon the conductor; he represents the defendant; he may misunderstand or misjudge the facts; he may act unwisely or imprudently, or even recklessly; but the business of preserving order and enforcing the regulations of the company is committed to him, and for his acts in that business the company is responsible.

The master's liability for the negligence or tort of his servant, does not depend upon the existence of an authority to do the particular act from which the injury resulted. In most cases where the master has been held liable for the negligence

of his servant, not only was there an absence of authority to commit the wrong, but it was committed in violation of the duty which the servant owed to the master. The principal is bound, by a contract made in his name by an agent, only when the agent has an actual or apparent authority to make it; but the liability of a master for the tort of his servant, does not depend primarily upon the possession of an authority to commit it. The question is not solved by comparing the act with the authority.

It is sufficient to make the master responsible *civiliter*, if the wrongful act of the servant was committed in the business of the master, and within the scope of his employment, and this, although the servant, in doing it, departed from the instructions of his master. This rule is founded upon public policy and convenience. Every person is bound to use due care in the conduct of his business. If the business is committed to an agent or servant, the obligation is not changed.

The omission of such care by the latter, is the omission of the principal, and for injury resulting therefrom to others, the principal is justly held liable. If he employs incompetent or untrustworthy agents it is his fault; and whether the injury to third persons is caused by the negligence or positive misfeasance of the agent, the maxim *respondeat superior* applies, provided only, that the agent was acting at the time for the principal, and within the scope of the business intrusted to him.

It is often stated, and with sufficient accuracy for general purposes, that a master is not liable for an assault committed by his servant.

It is said by Lord KENYON, in the leading case of *McManus* v. *Crickett* (1 East, 106), " that when a servant quits sight of the object for which he was employed, and, without having in view his master's orders, pursues that which his own malice suggests, his master will not be liable for such acts." If for his own purposes, and not in his master's business, the servant commits an assault, the master is not responsible; and the

statement, that the master is not liable for the assault of his servant requires this qualification.

In the case of *Sandford* v. *Eighth Avenue Railroad Company* (23 N. Y., 343), the action was brought to recover damages, resulting from the death of the plaintiff's intestate, caused by his being thrown from the car of the defendant, by the conductor, when it was in motion. The deceased refused to pay his fare, and for that reason the conductor ejected him. The court held that the conduct of the intestate, justified the conductor in expelling him from the car in a proper manner, but not when the car was in motion, and the defendant was held liable for the injury. COMSTOCK, Ch. J., says: "The case is, therefore, to be stated thus: The defendants by their servant were guilty of a personal and intentional assault upon the intestate. The assault, as we think, was not in law justified by the fact, and they are consequently without a legal defence."

This case is in point against the defendant upon the question we have considered, and accords with the general principle, governing the liability of masters for the tortious acts of their servants. (Addison on Torts, 23; Smith on Master and Servant, 151; Story on Agency, § 452.)

The charge of the court that the defendant was responsible, for the excessive force used in ejecting the plaintiff from the car, assumed that there was lawful cause for his expulsion. The charge, in our opinion, was, under the proof in the case, correct, and is supported by the considerations, to which we have adverted, in considering the other exception.

We are not called upon in this case, to determine what the law is as to the master's responsibility, in a case where a conductor, though justified in using violence in expelling a passenger, wantonly and intentionally used unnecessary force to accomplish it, and where the justifiable and excessive force were parts of a single act. In this case that hypothesis is inadmissible. The evidence does not warrant the supposition that the conductor acted in bad faith or wantonly used unnecessary violence.

In *Seymour* v. *Greenwood* (7 H. & N., 356), it was held by the Court of Exchequer Chamber, that a master was liable for an injury caused, by the unlawful and violent conduct of his servant, in the performance of an act within the course of his employment.    The case in its circumstances was quite like the case in question.    The guard of the defendant's omnibus, in removing a passenger whom he deemed to be drunk, forcibly dragged him out and threw him on the ground, whereby he was severely injured.    The passenger brought an action for the injury, and the defendant claimed, that he had not authorized, and was not liable for the acts of the servant. WILLIAMS, J., in pronouncing the unanimous opinion of the court, said: " We think there was evidence for the jury that the guard, acting in the course of his service as guard of the defendant's omnibus, and in pursuance of that employment, was guilty of excess and violence not justified by the occasion, or in other words, misconducted himself in the course of his master's employment, and, therefore, the master is responsible.    It is said, that though it cannot be denied, that the defendant authorized his guard to superintend the conduct of the omnibuses generally, and that such authority must be taken, to include an authority to remove any passenger, who misconducts himself, yet the defendant gave no authority, to turn out an inoffensive passenger, and the plaintiff was one.    But the master, by giving the guard authority, to remove an offensive passenger, necessarily gave him authority to determine whether any passenger had misconducted himself.    It is not convenient for the master personally to conduct the omnibuses, and he puts his guard in his place, therefore, if the guard forms a wrong judgment the master is responsible."    (See, also, *Limpas* v. *London General Omnibus Company*, 1 H. & Colt., 526; *Goff* v. *Great Nor. R'way Co.*, 30 L. J., Q. B., 148; *Poulton* v. *London and South Western R'way Co.*, 2 L. R., 2 Q. B., 534.)

The remark of one of the judges in the case of *Hibbard* v. *New York and Erie R. W. Co.* (15 N. Y., 467), may not,

when read in connection with the charge to which it referred be consistent with the views here expressed. But the case was decided upon another point, and it is not an authority for the doctrine stated by the learned judge.

The judgment should be affirmed.

All concur, but PECKHAM, J., not voting.

Judgment affirmed.