## DETERMINED IN THE

# FIRST DEPARTMENT,

## AT

# GENERAL TERM,

## January, 1878.

MARGARET CAVANAGH, Administratrix, etc., Appellant,
*v.* WILLIAM. B. DINSMORE, as President of the Adams
Express Company, Respondent.

*Negligence of servant — when master not liable for.*

Upon the trial of this action it appeared that plaintiff's intestate was, while
crossing Chatham street, in New York, run over and killed by one of defend-
ant's trucks, through the negligence of the driver; that the driver had deliv-
ered merchandise at the office of defendant, on Broadway, and had then been
directed to take the truck to the stable on Church street and put it up; that at
the corner of Broadway and Canal street he met another of defendant's
drivers, and, at his request and as a personal favor to him, drove to Henry
street, about one mile distant, and took a trunk, belonging to the other driver,
to deliver it in Fulton street; the accident occurred while he was going to the
latter place.
The defendant had not authorized the driver to go to Henry street for the trunk,
nor did they know that he had done so until after the accident occurred.
*Held,* that the driver was not acting in the business of his master at the time
of the accident, and that the defendant was not liable for injuries occasioned
by his act.

Appeal from a judgment entered on a dismissal of the complaint
at the New York Circuit.

*Jacob A. Gross,* for the appellant. The principle deducible from
the English and American cases on this subject of the master's lia-

bility for the acts of the servant, inevitably leads to the conclusion that in the present case the servant was in the employ of his master until he arrived at the end of his journey, reached his stables (no matter by what route) and put up his horses as directed. (*Joel* v. *Morrison*, 6 Carr. & P., 501; *Heath* v. *Wilson*, 9 id., 601; *Mitchell* v. *Crasweller*, 13 C. B., 237–242; *McManus* v. *Cricket*, 1 East, 106, 107; *Potter* v. *Rae*, 2 C. B. [N. S.], 606; *Sheridan* v. *Charlick*, 4 Daly, 338, 342; *Cosgrove* v. *Ogden*, 49 N. Y. [4 Sickels], 257; *Cleghorn* v. *The N. Y. C. and H. R. R. R. Co.*, 56 id., 44; *Kimball* v. *Cushman*, 103 Mass., 194, 198; Sherman and Red. on Negligence, § 63; *Gilmartin* v. *The Mayor, etc.*, 55 Barb., 239.) The requests to charge were improperly denied. Whether the servant was on his master's business acting within the scope of his employment, had his master's approval or implied consent, or was actually and in fact engaged for his master's interest at the time of the injury, were proper questions for the jury. (*Rounds* v. *Del., Lac. and W R. R. Co.*, 64 N. Y., 137; *Jackson* v. *The Second Ave. R. R. Co.*, 47 id., 274; *Goodman* v. *Kennell*, 1 M. & P., 241.)

*Charles M. Da Costa* and *Saml. A. Blatchford*, for the respondent. It is the settled rule of law in this State and also in England that a master is not liable for injuries committed, either willfully or negligently, by a servant when he is not acting by his master's express authority or within the scope of his employment, and the testimony on the trial clearly showed that the servant of the Adams Express Company was not, at the time of the injury to the plaintiff's intestate, acting within the scope of his employment. (1 Parsons on Contracts, 87; *Sheridan* v. *Charlick*, 4 Daly, 338; Sherman & Redfield on Negligence, 69; *Wright* v. *Wilcox*, 19 Wend., 343; *Fraser* v. *Freeman*, 43 N. Y., 566; *Higgins* v. *Watervliet Turnpike Co.*, 46 id., 23; *Isaacs* v. *Third Ave. R. R. Co.*, 47 id., 122; *Rounds* v. *Del., Lack. and West. R. R. Co.*, 64 id., 129; *Bard* v. *Yohn*, 26 Penn. State R., 482; Smith on Master and Servant, 135; 75 Law Library, 135 [marginal paging 158]; *Mitchell* v. *Crassweller*, 13 C. B., 237 [76 English Com. Law Reports]; *Betts* v. *De Vitre*, L. R., 3 Chanc. App., 441; *Storey* v. *Ashton*, L. R., 4 Q. B., 476; *Rayner* v. *Mitchell*, L. R., 2 C. P. Div., 357.)

DAVIS, P. J.:

The plaintiff's intestate while attempting to cross Chatham street was run over and killed by a team and truck of the Adams Express Company, then in charge of one of their drivers. The evidence was sufficient to show that the injury and death were occasioned by the negligence of the driver. Upon examination of the driver, who was called as a witness for the plaintiff, it appeared that on the evening when the injury and death occurred he had delivered at the branch office of the company at No. 638 Broadway, between Houston and Bleecker streets, a load of merchandise and had then been instructed to proceed with the horses and truck to the stables of the company in Church street and there put up the truck and horses; that on arriving at the corner of Broadway and Canal street he was met by another driver of the defendant's, with whom he had made an arrangement to that effect during the day, and thence drove eastwardly to Henry street, distant about one mile from the corner of Canal street and Broadway, as a personal favor to his fellow-servant, and took away from there a trunk and valise belonging to his fellow-servant to carry to Fulton street; that while driving through Chatham street toward Broadway the injury to the deceased was occasioned. It was proved, also, that neither of the drivers had asked permission of any of their superior officers to make use of the truck and horses for the purpose of removing such trunk and valise.

Upon proving this state of facts the plaintiff rested, and the defendants moved that the complaint be dismissed, upon the ground that at the time of the injury the defendant's driver was not engaged in the service of the company but was doing a favor to a fellow-servant. The plaintiff asked the court to submit several questions to the jury, which request was refused. The plaintiff excepted severally to the refusals. The court dismissed the complaint. There was no disputed question of fact in this case. The several requests of the plaintiff were based upon the idea that the jury, from the undisputed facts of the case above stated, would be at liberty to reach legal conclusions different from those which rightly attach to the facts, or to imply therefrom other facts touching which no proof was given.

We think the court was right in declining to allow the case to go

to the jury upon any of the questions suggested by the learned counsel for the plaintiff.

The departure of the driver from the ordinary route to the stables for the purpose of doing a favor to his coservant, as stated in the evidence, was clearly an unauthorized deviation and not within the scope of his duty. He cannot be said, within the authorities, to have been acting in the service of the defendants while engaged in going for the trunk and valise of his coservant and in taking them to their destination. The act was not only without the authority, but without the knowledge or consent of the defendant or of any superior officer of the driver. It is well settled that the master is not liable for injuries sustained by the negligence of his servant while engaged in an unauthorized act, beyond the scope and duty of his employment, for his own or another's purposes, although the servant is using the implements or property of the master in such unauthorized act.

It is not necessary to do more than to cite some of the elementary books and leading authorities on this subject. (*Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y., 23; *Isaacs* v. *Third Ave. R. R.*, 47 id., 122; *Rounds* v. *Del., Lac. and W. R. R.*, 64 id., 129; *Sheridan* v. *Charlick*, 4 Daly, 338; *Wright* v. *Wilcox*, 19 Wend., 343; *Frazer* v. *Freeman*, 43 N. Y., 566; Sherman & Red. on Negligence, 69, § 63; 1 Parsons on Contracts, 87; *Storey* v. *Ashton*, L. R., 4 Q. B., 476; *Cosgrove* v. *Ogden*, 49 N. Y., 257.)

The judgment should be affirmed.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.