New York Marine Court.

*General Term—May* 12, 1879.

## EDMOND HUERSTEL *against* THE NEW YORK & HARLEM RAILROAD COMPANY.

The right of railroad corporations to eject passengers from their cars for non-observance of their rules respecting the place of entrance to and from their depot denied.  The reasons stated.

The plaintiff, who was a commuter on the defendant's railroad, started through the entrance of the depot at the northwest corner of Forty-second street and Park avenue, on January 21, 1873, and ran in a direct line to catch the 6:10 P. M. Harlem train, then nearly ready to leave.  After the plaintiff got on the back of the platform of the last car of the train, a number of defendant's employees seized hold of him and pulled him off, and finally put him out of the depot upon the plea that he had entered the station by the wrong door, and must go out the way he got in for the purpose of correcting the error and conforming to the company's regulations.  The plaintiff, while on the train, said that he had a ticket, and wanted to go up on the train, to which one of the employees said : "I don't care a damn if you have a ticket ; you will have to get out of here."  The plaintiff having been put out as before described, brought this action to recover $1,000 damages for the trespass.  The jury, upon the trial, awarded the plaintiff $200, but the justice at special term, upon a case made, without assigning any reasons, set the verdict aside, and granted a new trial. From this order the plaintiff appeals.

*Abraham Kling*, for the plaintiff.

*F. Loomis*, for the defendant.

McAdam, J.—While the right and duty of railway companies to establish and enforce reasonable regulations for the government of their lines is conceded, it is difficult to imagine any reasonable and orderly regulation which can authorize railroad employees to eject from the company's cars a passenger of good character, then upon the train, who has paid his fare, and is in the rightful possession of a passage ticket entitling him to a ride on that train, in the absence of any present or threatened misconduct upon the part of the passenger, which makes his presence upon the cars offensive to the other passengers, or in any way endangers the good order or safety of the train.    Justice Brown observes, in Hibbard *v.* New York & Erie R. R. Co. (15 *N. Y.* 466), " the ticket is evidence in the passenger's hands that he had paid his fare and has a right within the cars."    Yet, notwithstanding the fact that the plaintiff was where he had a legal right to be at the time the defendant's employees removed him, they contend that because in getting there he had violated a rule of the company, by passing in at the wrong door, they had authority, not only to prevent a violation of the rule in the first instance, but the right to punish afterwards those who succeeded in violating it, by a sort of constabulary pursuit, even into the cars, into which they have in the meantime become seated, and to the extent of bringing back the offender, *nolens volens*, and putting him out of the same door in which he (through mistake or indiscretion) entered, to the end that he may make a more mannerly entrance, according to the company's regulations.    This is altogether too tyrannical, circumlocutory and impracticable for business men seeking their homes after the day's toil to humor or permit.    While railroad com-

panies may command obedience to such of their reasonable and orderly regulations as they have the power to enforce, they have no authority to punish by force past transgressions of such rules as they claim the plaintiff violated. The law has wisely committed the authority to punish (what may be legitimately called) past offenses to the regular tribunals of the country, acting in the common forms of justice, and upon trial of the facts by jury. In the present case these safeguards have been supplanted by the capricious will and summary sentence of a railroad doorkeeper. As no railroad company can, by mere regulations, either justify or mitigate such a wrong, the trial judge committed no error in excluding evidence regarding the same, of which the defendant has any legal right to complain. If a person, in an attempt to reach his own premises, trespasses upon mine, I have the undoubted right to stop him and compel him to turn back; but if he succeeds in crossing my line it must be clear that I have no right to pursue him upon his own premises, and bring him back, *nolens volens*, so that he may make the entrance he ought to have made in the first instance through his own premises instead of mine. The right of pursuit ends when the person pursued reaches the place where he lawfully belongs, and if I break in upon his lawful rights at that place I become a trespasser, and am answerable for whatever wrong I may commit. The right of pursuit, if it existed at all in the present case, ceased when the plaintiff got on the car, because he was lawfully there. What was done after that by the company's employees was unlawful. The company being liable for these acts (see Higgins *v*. Watervliet & T. R. R. Co., 46 *N. Y.* 23; Jackson *v*. Second Ave. R. R. Co., 47 *Id*. 274), and the verdict being moderate in amount ($200), it ought to have been allowed to stand.

The justice at the special term erred in setting it aside, and his order must be reversed, with costs.

ALKER, Ch. J., and SHERIDAN, J., concurred.

An appeal from this decision was dismissed, and the judgment paid. On same question, see 25 *American R.* 547.