## MARY F. GERATY, RESPONDENT, *v.* BENJAMIN STERN AND OTHERS, APPELLANTS.

*Assault — what constitutes one — when an employer is liable for an assault committed by one of his employes.*

The plaintiff went to the defendants' store in New York city, to purchase an ulster for herself. After she had examined one and put it on preparatory to its purchase, a floor walker in the employ of the defendants approached and told her that she did not wish to purchase the ulster, but was a spy from a rival establishment, and told the saleswoman to take the cloak from the plaintiff, which was done.

*Held,* that this constituted an actual assault, and that the defendants were liable for it.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a

new trial, made upon the minutes of the justice before whom the action was tried.

*Delos McCurdy* and *H. W. Bookstaver*, for the appellants.

*Erastus New*, for the respondent.

DYKMAN, J.:

The defendants are in the city of New York, and this action is brought against them to recover damages for ill treatment amounting to an assault, alleged to have been received by the plaintiff at the hands of the employes of the defendants.

The jury was justified in finding from the testimony that the plaintiff went to the defendants' store in New York city to purchase an ulster for herself, that after she had examined one and had it on her person preparatory to its purchase, a person in the employ of the defendants in the store, who is called a floor walker, approached the plaintiff and told her she did not want to purchase the garment, and used language to indicate that she was a spy from a rival house, and directed the saleswoman to take the cloak from off the plaintiff, which was done.

This was an indignity and a wrong to the plaintiff for which legal liability attaches to some one. It amounted to an assault, which is well defined as an unlawful setting upon one's person. Are the defendants responsible in the law for this misconduct of their employes ? The liability of masters is not measured entirely by their instructions to their servants. If the act of the servant be within the scope of his authority, and committed in his master's business, the latter is responsible. (*Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y., 23.)

In this case there can be no claim that the employes of the defendant were prompted by malicious motives or selfish aims. Their action was in their line of duty as they understood it. The duty to act was cast on them then and there. Their instructions were not to show styles or give prices to persons who came from other stores to look at styles or obtain prices. Here an emergency arose, where such a case was presented as the employes believed and the duty of deciding was imposed on them. They may have decided unwisely, but their decision and action was clearly within

the line of their duty, and the defendants are responsible for the resulting consequences.

It was for no selfish purpose that they submitted the plaintiff to indignity, but to serve the defendants only, and if they devolved the duty of carrying out their instructions on their employes they must ·be held responsible for the manner in which it is done; no other rule would meet the requirements of public policy or public convenience.

The judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.