THOMAS B. CLARK, AN INFANT, BY WILLIAM E. CLARK, GUARDIAN AD LITEM, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Negligence — liability of a railroad company for injuries sustained by one improperly ejected from a train while trespassing thereon — the liability of the defendant depends upon the character of the act and not upon the belief of the servant — when the failure of the company to produce evidence, presumably in its possession, may be considered by the jury.*

On October 5, 1884, the plaintiff, then of the age of thirteen years, caught on to the forward end of the caboose of a moving freight train on the defendant's railroad, from which, after riding a short distance, he fell in such a manner as to have his knee so crushed by a wheel of the car as to require his leg to be cut off. The evidence on the part of the plaintiff tended to show that his fall from the car was occasioned by the act of an employee of the defendant in throwing water in his face for the purpose of removing him from the car.

*Held,* that the question of the plaintiff's contributory negligence and that of the defendant's negligence was properly submitted to the jury, and that a verdict rendered by them in favor of the plaintiff would not be disturbed.

The defendant's counsel requested the court to charge that if the jury should find "that the plaintiff was in the act of unlawfully boarding a caboose when in motion, then the plaintiff was in the act of committing a crime; and if the plaintiff did not receive his injury *directly* from the persons in the caboose, but from the plaintiff's want of care in alighting from the caboose, then the plaintiff was guilty of contributory negligence and cannot recover for injury to his limb."

The court had charged that in order to justify a recovery the act of the defendant's servant must have been improper and unnecessarily dangerous, and done for the purpose of removing the plaintiff from the train, and that it must have had the effect of subjecting him to the danger from which the injury resulted.

*Held,* that in view of this charge it was not error to refuse to charge as requested.

That it was not necessary that the injury be received directly from the persons in the caboose, in order to charge the defendant with liability ; that it was sufficient if the wrongful act of the employee was the proximate cause of the injury; and that if the effect of the act was, under the circumstances, to deprive the plaintiff of the opportunity of exercising care in alighting from the car and thus to cause the injury, then his failure to use the requisite care to protect himself against the injury could not be deemed contributory negligence as a matter of law.

The court charged that to justify a recovery by the plaintiff the jury must find that the act of the servant in throwing the water into the plaintiff's face was unreasonable and improper, and that that fact depended upon its character and not upon the belief of the servant, and refused to charge that if they believed that the person throwing the water intended no personal injury to the plaintiff, but believed it to be the least harmful mode of removing him, the defendant was not liable.

*Held,* no error.

No employee on the train in question was called as a witness, and no evidence was produced on the part of the defense. The court charged the jury that in determining whether the water was thrown purposely or accidentally the jury had a right to consider the fact, that the servants of the company were not called nor their absence accounted for.

*Held,* no error.

APPEAL by the defendant from a judgment, entered on a verdict rendered at the Steuben Circuit, and from an order denying a motion for a new trial, made on the minutes of the justice before whom the action was tried.

The action is brought to recover for the personal injury of the plaintiff, alleged to have been occasioned by the act of the defendant. On the 5th day of October, 1884, the plaintiff, then of the age of thirteen years, caught on to the forward end of the caboose of a moving freight train on the defendant's railroad, and after riding there a short distance he went or fell from the car in such manner that his knee was crushed by a wheel of the car so as to require the amputation of his leg.

The evidence, on the part of the plaintiff, tended to prove that his fall from the car and the injury was occasioned by the act of an employee of the defendant in throwing water into his face while the train was in motion. The plaintiff had a verdict and judgment. The defendant appealed.

*James H. Stevens, Jr.,* for the appellant.

*Leslie W. Wellington,* for the respondent.

BRADLEY, J.:

The plaintiff unlawfully jumped upon the moving train of the defendant and was a trespasser. The defendant owed him no duty, and had the right to remove him from the car, but in so doing was not justified in subjecting him to any unnecessary hazard. The evidence permitted the conclusion that the removal of the plaintiff from the platform or steps of the caboose was caused by the act of an employee of the defendant on the car, in suddenly throwing water into his face, and that it was done to remove him from the car. That being the purpose, the act was within the scope of the authority and employment of the servant of the defendant, and the latter is responsible for the consequences of his act if it was performed in an illegal and improper manner, and in such manner as to unnecessarily jeopardize the personal safety of the plaintiff, and to cause the injury complained of. Upon this question, and that the plaintiff was free from contributory negligence, the evidence was sufficient to go to the jury. And, therefore, the defendant's exception to the denial of the motion for a nonsuit was not well taken. (*Higgins* v. *Watervliet Turnpike, etc., Company,* 46 N. Y., 23; *Rounds* v. *D., L. and W. R. R. Co.,* 64 id., 129; *Cohen* v. *Dry Dock, E. B. and B. R. R. Co.,* 69 id., 170; *Hoffman* v. *N. Y. C. and H. R. R. R. Co.,* 87 id., 25.)

The defendant's counsel took exception to the refusal of the court to charge the jury, that if they should find " that the plaintiff was in the act of unlawfully boarding a caboose when in motion, then the plaintiff was in the act of committing a crime, and if the plaintiff did not receive his injury directly from the persons in the caboose, but from the plaintiff's want of care in alighting from the caboose, then the plaintiff was guilty of contributory negligence, and cannot recover for injury to his limb."

The plaintiff unlawfully boarded the train while in motion, and in doing so was guilty of a misdemeanor. (Laws 1878, chap. 261; Laws 1880, chap. 370.) The court had so charged. If the injury was caused by the negligence of the plaintiff in getting from the car he was not entitled to recover. The right of recovery by him

depended upon the fact that the sole cause of the injury was the unreasonable and improper act of the defendant's servant in the execution of his purpose to remove him from the car. Contributory negligence of the plaintiff in the act of getting from the car, and resulting in the injury, would defeat the liability of the defendant. But if his want of care was occasioned by the unlawful act of the defendant's servant, and his failure to exercise care involuntary, it may not come within the meaning of the term contributory negligence. If this proposition may be treated as a request to charge to the effect, that if the injury was not caused by the act of the servant of the defendant, but by the want of care of the plaintiff, he was not entitled to recover, the refusal to so charge was error. But this does not seem to be its import. Although the plaintiff may not have received his injury *directly* from the servant, the act of the latter may have been the cause of it in such manner as to charge the defendant. In considering the exception every fact consistent with the terms of the request to charge is to be assumed in support of the ruling. The proposition does not exclude the fact that the servant threw the water into the plaintiff's face for the purpose of removing him from the car, and that it may have caused the injury, although it was received from his want of care in alighting, and then asks the court to charge that such want of care was contributory negligence, and that his recovery was defeated. Negligence is a relative term, and its application to the acts and failure to act of a person depends upon the situation in which he is placed, and the care which the circumstances fairly permit and impose upon him. The failure to exercise care may not, under all circumstances, constitute negligence. The term negligence implies fault in action, or in omission to act, and in failure to observe that degree of care, precaution and vigilance which the circumstances require; and whether such care is exercised is usually for the jury, and upon which they are to determine the question of negligence or no negligence. If want of care of the plaintiff was necessarily caused by the act of the defendant's servant, it may not have constituted contributory negligence.

Thus occasioned his want of care may have been involuntary and the necessary effect of the wrongful act of the defendant's employee. It was not necessary that the injury be received directly from the

persons in the caboose to charge the defendant with liability. And there was no evidence tending to prove that it was so received. It was sufficient that the wrongful act of the servant was the proximate cause of the injury, and if the effect of the act was under the circumstances to deprive the plaintiff of the opportunity of exercising care in alighting from the car and thus causing the injury, his failure to use the requisite care to protect himself against the injury may not be deemed contributory negligence as matter of law. The ground upon which the action proceeds is that the plaintiff, by the act of the defendant's servant, was prevented from exercising care in alighting from the train, and hence the injury resulted from such act and was its proximate effect. If the proposition had contained the request to submit to the jury the question of contributory negligence as the fact upon which they were to find, it might have been treated differently by the court. Whether the want of care was such as to produce it, was dependent upon the situation and circumstances and was a question for the jury. And the question of contributory negligence was one of fact and not of law.

The court, upon this subject, charged the jury that to justify a recovery "the act of the defendant's servant must have been improper and unnecessarily dangerous, and done for the purpose of removing the plaintiff from the train, and it must have had the effect of subjecting him to the danger from which the injury resulted; not only must it have been an improper act but it must have had the effect of inflicting the injury of which the plaintiff complains, or he cannot recover." This instruction so far covered the proposition of the request referred to as to make the finding of the jury, that the improper act of the servant had the effect to produce the injury, a prerequisite to the recovery by the plaintiff, which substantially required the finding of the jury that it must have been the sole cause of the calamity to justify a verdict in his favor. And the request must, therefore, rest on the assumption that the injury was the effect of the unreasonable conduct of the servant in the act of removal of the plaintiff from the car; that although the injury may not have been received directly from the person in the caboose, the improper act of such person may have been the proximate cause of it. This is all that was required in that respect to support the action. In view of

the charge as made, we think there was no error or prejudice to the defendant in this refusal to charge as requested. The refusal of the court to charge that if the jury believe that the person throwing the water intended no personal injury to the plaintiff, but believed it to be the mode least harmful, the defendant is not liable, was not error. The court charged the jury that the act of the servant must be found to have been unreasonable and improper, and that fact depended upon its character and not upon the belief of the servant. It must be assumed, since the verdict that the water was purposely dashed into the face of the plaintiff, and the jury were authorized to find and have found that the act had the effect to cause the injury. And they have also found that it was an unreasonable and improper means to be used to remove the plaintiff from the moving train under the circumstances. In that view the belief the employee may have had of the effect and consequences of the act is not very important.

In view of the fact that it is unlawful for persons to get on to a moving train, the railroad employees may very properly, in the performance of their duty, prevent them so far as practicable from boarding such trains, but the matter of their duty in that respect does not seem to be germane to any question here. The plaintiff did get on to this train without resistance or effort to prevent it. And the occurrences involved are only those which followed. The exception in that respect is, therefore, not pertinent. That the defendant's employees on the train had the right to, and it was within the scope of their authority, to remove the plaintiff from the car in a lawful and proper manner was not questioned, but was assumed at the trial, and the right of the plaintiff to recover was, by the charge, made dependent upon the use of unreasonable and improper means for that purpose. And although the act of getting upon the train while in motion was dangerous and known to the plaintiff to be so, it cannot be said to have been the proximate cause of the injury, and does not furnish imputation of contributory negligence. The refusal of the court to charge as requested in those respects, or to charge that the plaintiff was guilty of contributory negligence as matter of law, was not error.

No employee on the train in question was called as a witness and no evidence was produced on the part of the defense. The court

charged the jury that in determining whether the water was thrown purposely or accidentally the jury had a right to consider the fact that the servants of the company were not called, nor their absence accounted for, and exception was taken. The fact whether the water was purposely thrown upon the plaintiff by the defendant's employee in the caboose rested in inference, which was justified by the evidence. It may properly have been assumed, until the contrary should appear, that the employees on the car at the time in question were known to the proper agency of the defendant, and might have been produced in its behalf as witnesses; and while it was not the duty of the defendant to call them at the trial, and the omission to produce them, or some one of them, could not go to supply any deficiency of evidence on the part of the plaintiff, it was not error to merely call the attention of the jury to the fact, and permit them to consider it, inasmuch as a vital question of fact in the case was one of inference merely from the evidence, and in respect to which the employee of the defendant had personal knowledge. (*The People* v. *Dyle*, 21 N. Y., 578; *Gordon* v. *People*, 33 id., 501; *Bleecker* v. *Johnston*, 69 id., 309; reversing 51 How., 380; *Reynolds* v. *Sweetser*, 15 Gray, 78.) In the view taken of this case no error was committed at the trial to the prejudice of the defendant.

The judgment and order should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment and order affirmed.