JAMES B. CORBETT, Appellant, *v.* THE TWENTY–THIRD STREET RAILWAY COMPANY, Respondent.

*Regulation of a horse railroad company as to the return of money deposited in a fare box by mistake — when unreasonable — right of a person depositing it to retain a fare received from another passenger — liability of the company for the act of its driver in causing the arrest of a passenger.*

The plaintiff, on entering one of the defendant's cars, which was operated by a driver without a conductor, put into the box, used for that purpose, five fares for himself and three companions. Upon discovering his mistake and applying to the driver for the restoration of the excessive fare placed in the box, the driver refused to restore it, alleging that he had no authority to return the fare or correct the mistake, and directed the plaintiff to repair to the office of the company for his money. During a wordy altercation between the plaintiff and the driver, a lady entered the car and delivered her five cents fare to the plaintiff who placed it in his pocket. The plaintiff having refused to deposit the fare in the box, the driver, after the lady had reached her destination and left the car, removed the plaintiff from the car and delivered him into the custody of a policeman, who confined him in a station-house until the following morning, when he was discharged by the court.

Upon an appeal from a judgment, entered upon an order dismissing the complaint made upon the trial of this action, brought to recover damages for an assault and false imprisonment:

*Held,* that a regulation of the company requiring a passenger, who may be deprived of his money by his own mistake in this manner, to go to the office of the company for its reimbursement, and the correction of the mistake is entirely unreasonable. (Davis, P. J , dissenting.)

That the plaintiff was clearly entitled to a restitution of the money deposited by him by mistake in the box, and that it was entirely reasonable for him to retain the fare received from the other passenger, and thus reimburse himself for the money inadvertently placed in the box. (Davis, P. J., dissenting.)

That, as the driver removed the plaintiff from the car, and placed him in the custody of the officer, under the authority conferred upon him for the man_agement of the car by the defendant, the latter became legally liable to the plaintiff for the damages to which he, in that manner, had been subjected.

That this liability included the entire injury and indignity to which the plaintiff was subjected, not only by his removal from the car, but by his subsequent imprisonment and detention in the station-house.

Appeal from a judgment dismissing the plaintiff's complaint on a trial at the New York circuit.

_Hermon H. Shook_, for the appellant.

_O. E. Bright_, for the respondent.

Daniels, J. :

The cause of action set forth in the plaintiff's complaint was for his assault and false imprisonment, occasioned by his removal from one of the defendant's cars and his delivery by the driver into the custody of a policeman, and his detention in a station-house during the succeeding night. He was a passenger in the car, which was operated by the driver himself without a conductor. On entering the car he put into the box, used for that purpose, five fares, for himself and three companions. Upon the discovery of the mistake he applied to the driver for the restoration of the excessive fare placed in the box. This the driver refused, having no authority himself to return the fare or correct the mistake, and he directed the plaintiff to repair to the company's office for his money. This resulted in a wordy altercation between the plaintiff and the driver, which continued to the time when a lady entered the car, who delivered her five cents fare to the plaintiff, which he placed in his pocket. The driver afterwards insisted upon the plaintiff depositing this fare in the box. That the latter declined to do, and after the lady had reached her destination and left the car the driver removed the plaintiff from it and delivered him into the custody of a policeman. When the matter came before the court on the following morning the plaintiff was discharged. The plaintiff was clearly entitled to a restitution of the money deposited by him by mistake

in the box placed in the car to receive the fare of the passengers, and, as the driver himself was not authorized to return the fare, and in that manner correct the mistake, it was an entirely reasonable course to adopt for the plaintiff to receive the fare, which he did of the other passenger, and in that manner reimburse himself for the money inadvertently placed in the box. The regulation of the railway company requiring a passenger, who may be deprived of his money by his own mistake in this manner, to go to the office of the company for its reimbursement and the correction of the mistake is entirely unreasonable. As long as the car is placed under the charge and management of the driver, he should be, as a necessary part of that management, invested with authority to reimburse fares inadvertently placed in the box in this manner. The time to correct the mistake is when it may be made and discovered and the facts attending it fully known to the defendant's agent. To require the passenger to go to the company's office, which may be miles away from the place where the mistake may occur, and there establish his right to the reimbursement of the money, is so unreasonable in itself as to be exceeded only by a further regulation that when the money may be so deposited the party so depositing it shall forfeit all right to claim its return, for in most cases to go to the company's office and there satisfy the officials of the right to the return of the money, and defray the expenses attendant upon the journey and submit to the necessary loss of time, would be no less than a serious aggavation of the injury itself. The officers would probably require the statement of the driver before they would feel justified in acting at all, and in that manner render necessary more than one journey and one hearing to recover the amount the passenger would be entitled to receive. The large majority of people would prefer submitting to the first loss rather than enhance it, as they necessarily would, in endeavoring to obtain redress in this manner, and they should not be subjected, by the regulations or rules of the company, to any such risks and loss. As long as the company does not authorize the driver himself to rectify the mistake, it is no more than reasonable that the passenger should be at liberty to do so by receiving, for that purpose, the fare of any passenger afterwards entering the car. The driver, therefore, had no right, because of the refusal of the plaintiff to place this additional fare in the box, to

remove him from the car.    He was a wrong-doer, and his act in laying his hands upon the plaintiff for that purpose was an assault and battery for which he might well himself have been indicted and punished.

But as he removed the plaintiff from the car and placed him in the custody of the officer, under the authority conferred upon him for the management of the car by the defendant, the latter became legally liable to the plaintiff for the damages to which he in that manner has been subjected, for, as the law has been settled, a railroad company is liable to the same extent as an individual for any injury done to a passenger by a person in the course of his employment who is in the service of the company. (*Ramsden* v. *Railway Co.*, 104 Mass., 117; *Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y., 23; *Hoffman* v. *R. R. Co.*, 87 id., 25; *Flynn* v. *R. R. Co.*, 49 N. Y. Sup. Ct. [17 J. & S.], 81; *Stewart* v. *Brooklyn and C. R. R. Co.*, 90 N. Y., 588.)    And this liability will include the entire injury and indignity to which the plaintiff was subjected, not only by his removal from the car, but by his subsequent imprisonment and detention in the station-house. (*Rown* v. *Christopher, etc, R. R. Co.*, 34 Hun, 471.)

It has been urged, in support of the action taken at the trial, that the dismissal of the complaint was justified under chapter 186 of the Laws of 1880.    But while there was evidence in a measure tending to prove disorderly conduct on the part of the plaintiff, it was controverted by his own testimony and that of other witnesses taken at the trial.    Upon that subject a question of fact was created by this state of the evidence which could only be legally solved by submitting the case to the jury.    It was likewise in the same condition as to the charge made at the station-house against the plaintiff.

On his part it was affirmed that he had been charged with a larceny, for which, under the circumstances, there was no possible excuse.    But on the part of the defendant it was averred that the charge was that of disorderly conduct.    So far as it was material to settle the precise character of the charge in the disposition of the case, the evidence was such as required it to be submitted to the jury.    In no view was it a case for the dismissal of the complaint.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred.

DAVIS, P. J. (dissenting):

I cannot concur with the views of my brother DANIELS in this case. Assuming that the plaintiff put the wrong amount of fare in the box, it was no fault of the driver that he did so. There was no evidence of it but the plaintiff's assertion, but if that were true, the driver had no authority to correct the error. He had no access to the box, and could not return the deposited fare, and an attempt to do so by forcing open the box would have been unjustifiable on his part. As he was not permitted to receive fares he had no money of the company which he could use to correct the mistake. To clothe drivers with power to refund for alleged mistakes would subject the company to such frauds by collusion with claimants as would overturn all the safeguards adopted by the company to prevent the embezzlement of their fares by the driver or persons in collusion with him. A person who makes the mistake of depositing the wrong fare is responsible for the consequences of his own act, and is subject to all reasonable rules as to the mode of its correction. It is not unreasonable that he shall apply to the company, and not the driver. His carelessness brings this upon himself, and though it may be onerous to seek relief at the office, it is not unreasonable to require him to do so. But to hold that such a person, by reason of his mistake, is authorized to collect and keep the fares of other persons, is going altogether too far. It makes him judge, jury and executioner in his own case, a procedure which the law does not sanction. It would open a wide field for fraud and larcenies if every person who makes or asserts a mistake on depositing his fare may at once collect from incoming passengers whatever amount he chooses to assert that he has paid. The thieves of the city would do a thriving and profitable business on the cars if such a practice were held lawful. Besides, the taking of another fare by such a person is not payment of the fare by the passenger. He or she is bound to put it in the box, and intrusting it to a stranger is not discharging the obligation of the passenger, and especially is that the case when the passenger knows that the stranger intends to keep it on his claim of overpayment of his own fare. Such a rule as the opinion asserts would lead to the great embarrassment of innocent persons whose fares happened to be captured by one who made a mistake, or claimed he had made a mistake, in

depositing his own fare. The plaintiff in this case was guilty of a wrong in his attempting to rectify his mistake, if he had made one, in the manner he did. It led to the alleged arrest for which he was alone to be blamed.

I think, also, if he were charged by the driver the next morning with larceny the company were not responsible for that act. The plaintiff was in custody for disorderly conduct. The company had not authorized the driver to make another charge on the following day, and were not responsible if it were done.

I think the judgment should be affirmed.

Judgment reversed, new trial ordered, costs to abide event.