Daniels, J.
The cause of action set forth in the plaintiff’s complaint, was for his assault and false imprisonment, occasioned by his removal from, one of the defendant’s cars and his delivery by the driver into the custody of a policeman, and his detention in a station-house during the succeeding-night. He was a passenger in the car which was operated by the driver himself without a conductor. On entering the car, he put into the box Used for that purpose five fares, for himself and three companions. Upon the discovery of the mistake, he applied to the driver for the restoration of the excessive fare placed in the box. This the driver refused, having no authority himself to return the fare, or correct the mistake, and he directed the plaintiff to repair to the company’s office for his money. This resulted in a wordy altercationbetween the plaintiff and the driver, which continued to the time when a lady entered the car, who delivered her five cents fare to the plaintiff, which he placed in his pocket. The driver afterwards insisted upon the plaintiff depositing this fare in the box. 'That, the latter declined to do, and after the lady had reached her destination and left the car, the driver removed the plaintiff from it, and delivered him into the custody of the policeman. When the matter came before the court on the following morning the plaintiff was discharged. The plaintiff was clearly entitled to a restitution of the money deposited by him by mistake in the box placed in the car, to receive the fare of the passengers, and as the driver himself was not authorized to return the fare, and in that manner correct the mistake, it was an entirely reasonable course to adopt, for the plaintiff to receive the fare, which he did of the other passenger, and in that manner reimburse himself for the money inadvertently placed in the box. The regulation of the railway company requiring a passenger who may be deprived of his money by his own mistake in this manner, to go to the office of the company for its reimbursement, and the correction of the mistake, is entirely unreasonable. As long as the car is placed under the charge and management of the driver, *537 he should be, as a necessary part of that management invested with authority to reimburse fares inadvertently placed in the box in this manner. The time to correct the mistake is when it may be made and discovered, and the facts attending it fully known to the defendant’s agent.
To require the passenger to go to the company’s office, which may be miles away from the place where the mistake may occur, and there establish his right to the reimbursement of the money, is so unreasonable in itself as to be exceeded only by the further regulation that when the money may be so deposited the party depositing it shall forfeit all right to claim its return. For, in most cases, to go the company’s office and there satisfy the officials of the right to the return of the money, and defray the expenses attendant upon the journey, and submit to the necessary loss of time, would be no less than a serious aggravation of the injury itself. The officers would probably require the statement of the driver before they would feel justified in acting at all, and in that manner render necessary more than one journey and one hearing to recover the amount the passenger would be entitled to receive. • The large majority of people would prefer submitting to the first loss rather than enhance it, as they necessarily would, in endeavoring to obtain redress in this manner. And they should not be subjected by the regulations or rules of the company to any such risks and loss. As long as the company does not authorize the driver himself to rectify the mistake, it is no more than reasonable that the passenger should be at liberty to do so, by receiving for that purpose the fare of any passenger afterwards entering the car. The driver, therefore, had no right because of the refusal of the plaintiff to place this additional fare in the box, to remove him from the car. He was a wrong-doer, and his act in laying his hands upon the plaintiff for that purpose was an assault and battery for which he might well himself have been indicted and punished.
But as he removed the plaintiff from the car and placed him in the custody of the officer, under the authority conferred upon him for the management of the car by the defendant, the latter became legally hable to the plaintiff for the damages to which he in that manner had beenBubjected. For as the law has been settled a railroad company is liable to the same extent as an individual for any injury done to a passenger by a person in the course of his employment, who is in the service of the company. Ramsden v. Railway Co., 104 Mass., 117; Higgins v. W. T. and R. Co., 46 N. Y., 23; Hoffman v. N. Y. C. R. Co., 87 id., 25; Flynn *538 v.H. R. R. Co., 49 Sup. Ct., 81; Stewart v. Brooklyn and C. R. R. Co., 90 id., 588.
And this liability will include the entire injury and indignity to which the plaintiff was subjected, not only by his removal from the car, but by his subsequent imprisonment and detention in the station house. Rown v. Christopher, etc., R. R. Co., 34 Hun, 471.
It has been urged in support of the action taken at the trial, that the dismissal of the complaint was justified under chapter 186 of the Laws of 1880. But while there was evidence in a measure tending to prove disorderly conduct on the part of the plaintiff, it was controverted by his own testimony and that of other witnesses taken at the trial.
Upon that subject a question of fact was created by this state of the evidence, which could only be legally solved by submitting the case to the jury. It was likewise in the same condition as to the charge made at the station house against the plaintiff.
On his part it was affirmed that he had been charged with a larceny, for which under the circumstances there was no possible excuse. But on the part of the defendant it was averred that the charge was that of disorderly conduct. So far as it was material to settle the precise character of the charge in the disposition of the case, the evidence was such as required it to be submitted to the jury. In no view was it a case for the dismissal of the complaint.
The judgment should be reversed, and anew trial ordered with costs to abide the event.
Brady, J., concurs.