## SUPREME COURT.

PETER COYKENDALL, respondent, agt. NATHAN P. EATON, appellant.

Where personal property was delivered to a *clerk* of an innkeeper, who agreed to keep it safely until the guest, who delivered it, could send for it:

*Held*, that the clerk could not, without *special authority*, bind the innkeeper by such agreement, in case of a loss of the property, as the agreement extended his liability beyond the time the person leaving it was a guest of the innkeeper; although had the property been delivered to the clerk, without any special agreement, the innkeeper would probably have been bound.

*Syracuse, November General Term*, 1870.

THIS action was brought to recover the value of a wolf robe and cushion left by plaintiff's son at the defendant's hotel on the morning of the 29th day of November, 1867.

Said goods were demanded of defendant by plaintiff before suit, and the defendant refused to deliver them or pay for them.

This action was first tried in a justice's court, before Mr. SPAULDING, Esq., justice of the peace, at Geddes, and a judgment rendered in favor of the plaintiff and against the defendant, for the sum of $40 damages, and $5 costs, on the 28th day of December, 1867.

The defendant thereupon, appealed to the county court of Onondaga county, where the case was retried, on the 3d of March, 1868, before his Honor, HENRY RIEGEL, county judge, and a jury, which trial, resulted in a verdict of the jury in favor of the plaintiff for the sum of $40 damages.

The defendant thereupon, appealed to the general term of the supreme court, in due form, and a new trial was

granted at the October term of said court, held at the court house, in Syracuse, in the year 1868.

The cause came back for a new trial in the county court, and was again tried in said court, at the December term thereof, in 1868, before his Honor, HENRY RIEGEL, county judge, and a jury, which resulted in a dismissal of the complaint by order of the court.

The plaintiff thereupon, duly appealed to the general term of the supreme court, for a new trial, which appeal was argued at the April term of said court, and a new trial duly granted—Mr. Justice FOSTER writing the opinion of the court, which, with the briefs of counsel, are found reported in 37 *How.*, 438.

The cause came down for a third trial in the county court of Onondaga county, at the October term thereof, 1869, before his Honor HENRY RIEGEL, county judge, and a jury, which trial again resulted in a verdict in favor of the plaintiff, for the sum of $40 damages.

Judgment was entered on this verdict, November 17th, 1869, in favor of the plaintiff, and against the defendant, for the sum of $405 34.

The defendant again appeals from the order of the county court, denying a new trial, and also from the judgment entered on the verdict of the jury, to the general term of this court, for a new trial.

R. H. GARDNER, *for appellant, defendant.*

T. K. FULLER, *for respondent, plaintiff.*

*By the court,* MULLIN, P. J.—The plaintiff not being a guest of the defendant, when the robe was left in the care of Case, the latter became liable, if at all, as bailee of the robe, and bound to take such care of it, as a prudent man would take of his own property.

The defendant was liable for the property of guests who came to his house the evening of the ball, whether they

came to attend it, or for the purpose of remaining the night, or merely taking supper.

Case, however, had no authority to bind the defendant to liability for property delivered to him beyond the time that guests remained at the hotel, nor had he authority to receive the property of persons not guests, or not brought by guests for the purpose of safe keeping.

The plaintiff's son testified that Case received the robe and cushion the second time, and agreed to take care of them for him until he could send for them. This was a contract Case had no authority to make, and thereby bind the defendant.

Had the property been delivered to Case, without any special agreement, the defendant would probably be bound; but without express authority, Case could not bind him by a contract extending his liability beyond the time the person leaving the property was a guest of the defendant.

The judgment of the county court must be reversed, and a new trial ordered, costs to abide the event.