Ralph H. Booth, Respondent, *v.* Edward H. Litchfield et al., Appellants.

Principal and agent — in absence of authority, a hotel clerk cannot bind his employer by accepting, for safekeeping, articles of one who is no longer a guest at the hotel.

While a person may obligate himself as he chooses, he cannot bind another except as that other expressly or by his acts empowers him. A party who seeks to charge a principal for a contract made by his agent has the burden of proving authority adequate therefor in the agent.

In the absence of evidence of authority from the proprietors, a clerk at a hotel cannot accept for safekeeping or assume responsibility for articles of one not a guest so as to bind such proprietors in case of loss. It will not be presumed that the transaction came within the performance of the duties of the position.

*Booth* v. *Litchfield*, 134 App. Div 955, reversed.

(Argued February 27, 1911; decided April 25, 1911.)

Appeal, by permission, from a judgment entered November 11, 1909, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed, by a divided court, a determination of the Appellate Term affirming a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a verdict

The nature of the action and the facts, so far as material, are stated in the opinion.

*William C. De Witt* for appellants. In order to render a master liable for his servant's negligence, not only must a general employment be shown, but also that the relation of master and servant existed as to the particular employment; this is not so in this case, as there was a transfer of the servant from the appellants to the tenant respondent, while the servant was in the latter's service subject to his direction and control. (*Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52; *Wyllie* v. *Palmer*, 137 N. Y. 248; *Anderson* v. *Boyer*, 156 N. Y. 93; *McDowell* v. *R. T. Co.*, 78 Hun, 228; *Higgins* v. *W. U. T. Co.*, 156 N. Y. 75; *Rourke* v. *W. M. C. Co.*, L. R. [2 C. P. Div.] 205; *Laubheim* v. *De K. N. S. Co.*, 107 N. Y. 228; *Allan* v. *S. S. Co.*, 132 N. Y. 91; *Sexton* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 678.) Respondent was neither a tenant nor a guest of appellants, having paid them nothing for the accommodations or services enjoyed by him, so that, at most, appellants were merely gratuitous bailees, under the duty of exercising only slight care and liable only for gross negligence. (*Gastenhofer* v. *Clain*, 10 Daly, 265; *Hoffman* v. *Roessele*, 39 Misc. Rep. 787; *Davis* v. *Gay*, 141 Mass. 531; *Wintermute* v. *Clarke*, 5 Sandf. 242; *Grinnell* v. *Cook*, 3 Hill, 485; *O'Brien* v. *Vail*, 22 Fla. 627; *Hays* v. *Turner*, 2 Iowa, 214; *Miller* v. *Peoples*, 60 Miss. 819; *Glenn* v. *Jackson*, 12 L. R. A. 382.)

*Charles C. Reiley* and *Hugh C. Murray* for respondent. There was ample evidence to support a finding by the jury that the hotel clerk was acting within the scope of his authority in taking charge of the plaintiff's goods, and that the defendants became bailees of the same, and that they failed to exercise the degree of care required of gratuitous bailees. (*Mott* v. *C. Ice Co.*, 73 N. Y. 543, 550; *Conant* v. *Am. R. T. Co.*, 48 App. Div. 327; *Ruggles* v. *A. C. F. Ins. Co.*, 114 N. Y. 421; *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Kowing* v. *Manly*, 49 N. Y. 192.)

COLLIN, J. During May, 1905, the defendants were the owners and proprietors of an apartment house or hotel in the

city of New York in which a Mr. Lord had an apartment. The plaintiff on May 22, 1905, presented to the clerk of the defendants at the office of the hotel the letter of Mr. Lord, who was then in Chicago, addressed to the manager of the hotel, asking that plaintiff while in New York be afforded the use of his apartment, and, in response, he was immediately conducted and his suitcase, umbrella and overcoat taken to Mr. Lord's apartment. At about six o'clock in the afternoon of the following day, he told the clerk that he was going to leave the hotel and take his things with him; that he was going to Washington on the midnight train and had a dinner engagement for the evening and was pressed for time, and would like him to have his suitcase packed and brought with his overcoat and umbrella to the checkroom of the hotel ready for him when he called for them. The clerk stated to plaintiff the fact that the hotel had no checkroom and refused his request for a receipt for the goods and added, "but I will keep them in the office here for you." The office referred to was a space behind the desk or counter about three feet wide and eight feet long in which there was a small safe, a telephone switchboard and telephone operator. The hotel valet went, at the direction of the clerk, to the apartment with the plaintiff, who instructed him as to the packing and that he should take the suitcase when packed, overcoat and umbrella to the office. Plaintiff then returned to the office and told the clerk that the valet would bring the things downstairs to him and that he would come for them on his way to the train at about eleven or eleven-thirty o'clock. No charge of any kind was made against or paid by the plaintiff. At about eleven o'clock he asked the clerk at the desk for the articles and was told by him that they had been delivered to an uniformed messenger upon his demand for them, and such was the fact. Plaintiff brought this action in conversion for the recovery of the value of the articles and a judgment in his favor was rendered.

During the trial the plaintiff's counsel stated to the court: "We don't claim any innkeeper's liability, a statutory inn-

keeper's liability; nothing further than it being a gratuitous bailee." At the close of the entire evidence the defendants unavailingly asked that the plaintiff be nonsuited upon the ground, among others, that the clerk in the reception and care of the articles acted as agent and servant of plaintiff and not of defendants, such services not being within the scope of his duties. The trial court instructed the jury that they should first determine whether or not the act of the clerk in taking charge of the articles was reasonably within the scope of his employment, and if they resolved that in favor of the plaintiff they should determine whether or not he exercised ordinary care therein.

Because the affirmance by the Appellate Division was not unanimous we may ascertain from the record whether there is any evidence to support the verdict. Our conclusion is there was not. The action must have as a support evidence that the delivery of the articles to the clerk was in legal effect a delivery to the defendants. It was not such unless they had authorized the clerk, either expressly or by implication, to accept under the conditions then existing, as their agent and for themselves, the goods. Under a fundamental rule of law the acts of the clerk cannot be deemed those of and chargeable to the defendants unless authorized by them. While a person may obligate himself as he chooses, he cannot bind another except as that other expressly or by his acts empowers him. The plaintiff, in order to have a justifiable recovery, was bound to show that the undertaking of the clerk to receive and keep in the office the goods, while the plaintiff kept his dinner engagement and until he came for them, was within the authority given him by defendants. A party who seeks to charge a principal for a contract made by his agent has the burden of proving authority adequate therefor in the agent. (*Deering* v. *Starr*, 118 N. Y. 665; *Schutz* v. *Jordan*, 141 U. S. 213.) The plaintiff did not present any direct evidence in regard to the authority of the clerk and relied upon the proof and the fact that he held that position. The evidence in behalf of the defendants did not directly or by per-

missible inference tend to broaden his powers. Nor did the evidence specifically or with detail describe his duties or acts. He was the clerk of the hotel and had charge of the desk in the office. He procured and controlled, subject to the general authority of the manager of the hotel, the servants or "help" of the hotel. The evidence in support of his authority lies in those facts.

The clerk by virtue of his position was empowered by the defendants to do the acts which his duties necessitated and which they reasonably might indicate he possessed to persons dealing with him in the performance of those duties. The plaintiff might with right have presumed that the clerk had all the powers necessary or reasonable to enable him to effect the purpose and needs of his employment, but to justify his reliance on the authority of the clerk to bind the defendants he must show that the transaction came within the duties of the clerkship. The power of the clerk was limited to what was required to be done in the performance of the business under his control.

The evidence does not permit the implication or inference that the act of the clerk in receiving and undertaking to keep for the plaintiff his goods, under the circumstances disclosed at the trial, was within the actual authority of the clerk or any authority indicated by the acts of the defendants. They were conducting the hotel and the relations of themselves and of the clerk as their agent with the plaintiff began when he presented the letter of Mr. Lord and ceased with the termination of his occupancy of the apartment. The defendants did not by their acts or the conditions created by them indicate that they would accept for safekeeping or would assume responsibility for the security of the goods of those who were not guests or occupants of the apartments of the hotel. The facts within the record show that the business of the defendants and the duties of their clerk therein were in relation to those persons only and not those who never became or had ceased to be their guests. The testimony of the plaintiff himself is, in effect, that when he went from the hotel to fulfill

his engagement to dine, he had given up his room and had left his property in the charge of the clerk intermediate his leaving the hotel and calling for it on the way to the train. The result of the transaction between the plaintiff and the clerk was not different from what it would have been had the plaintiff surrendered his room, taken the articles to a taxicab waiting at the curb, and, reconsidering through his desire to be relieved of them while dining, returned to the hotel office and induced the clerk to place them in his care behind the desk while he met his engagement; or had he while walking along the street, carrying the articles, entered the hotel and obtained the same undertaking on the part of the clerk. Either of such transactions obviously would not have been within the real or apparent authority of the clerk. (*Coykendall* v. *Eaton*, 40 How. Pr. 266.) The act of the clerk in receiving and assuming the care of the goods, after the plaintiff had ceased to be a guest at the hotel, was proven to be beyond the authority which the defendants by their words or acts had given or appeared to have given him, and as between the plaintiff and the defendants he and not they must sustain his loss. The motion for the nonsuit should have been granted.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.