## BECKER v. BORCK.

(Supreme Court, Appellate Term, First Department. February 23, 1916.)

1. APPEAL AND ERROR ☞927—REVIEW—DISMISSAL.

    Where, at the close of the case, the action was dismissed on defendant's motion, plaintiff's evidence must, for the purpose of reviewing the order, be deemed as true.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ☞927.]

2. PRINCIPAL AND AGENT ☞159—TORTS OF AGENT—LIABILITY OF PRINCIPAL.

    Where defendant engaged a janitor to care for and control a tenement building, authorizing him to rent the flats should they become vacant, defendant, who directed the janitor to show the flat occupied by plaintiff, which she was shortly to vacate, in case she gave permission, but otherwise not, is liable for an assault by the janitor on defendant, made to compel her to admit persons to view the premises; such assault being within the scope of his authority.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 599–612; Dec. Dig. ☞159; Damages, Cent. Dig. § 208.]

Appeal from City Court of New York, Trial Term.

Action by Ida Becker against Max Borck. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Lewkowitz & Schaap, of New York City (Herman M. Schaap, of New York City, of counsel), for appellant.

Charles L. Borck, of New York City (James R. Speers, of New York City, of counsel), for respondent.

DELEHANTY, J. This is an appeal from a judgment entered on the dismissal of the complaint at Trial Term. The plaintiff, a tenant of defendant, defaulted in the payment of her rent and was dispos-

sessed for the nonpayment thereof. A few days before vacating the premises she testified that she was bathing her baby in the kitchen of her flat, and that while so engaged she heard the door from the kitchen to the public hall open, and, afraid that the child might catch cold from the draft, she went to close the door, and there saw the janitor with two men; that she inquired his business, and was told that he wanted to show the rooms to the men who were with him; that she asked him to come back later, as she was bathing her child, whereupon he pushed the door open, saying that he must get in, at the same time striking and beating the plaintiff, causing her to fall to the floor. This testimony was corroborated by two apparently disinterested witnesses. On the part of the defendant the assault was denied, and proof submitted that the general instructions given the janitor on his hiring were to take care of the halls, do small repairs, and, if any flats became empty, to rent them; that particular instructions were given him, four days before plaintiff moved, in case any people came to rent her flat, to show the same, if plaintiff gave permission, otherwise not.

[1, 2] At the close of the case defendant moved for a dismissal of the complaint, on the ground that plaintiff had failed to show that the janitor was, at the time of the alleged assault and in connection therewith, acting within the scope of his authority. That motion was granted, and exception thereto duly taken. For the purposes of this appeal, the facts testified by plaintiff as to the assault must be deemed to be true. The only question in the case, therefore, is whether or not defendant is responsible for the assault committed, and this depends upon whether or not the janitor was acting within the scope of his authority. The law is well settled in cases of this character, the only difficulty lying in the applications of the principles to individual cases. In this case I think defendant responsible for the act of the janitor. What he did was done in the prosecution of defendant's business, and in departing from his instructions in the manner of doing it did not relieve defendant from liability therefor. In Cosgrove v. Ogden, 49 N. Y. 255, 10 Am. Rep. 361, the court says:

"The test of the master's responsibility for the act of his servant is not whether such act was done according to the instructions of the master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do. If the owner of a building employs a servant to remove the roof from his house, and directs him to throw the materials upon his lot, where no one would be endangered, and the servant, disregarding this direction, should carelessly throw them into the street, causing an injury to a passenger, the master would be responsible therefor, although done in violation of his instructions, because it was done in the business of the master. But should the servant, for some purpose of his own, intentionally throw material upon a passenger, the master would not be responsible for the injury, because it would not be an act done in his business, but a departure therefrom by the servant to effect some purpose of his own."

To the same effect are Mott v. Consumers' Ice Co., 73 N. Y. 547; Palmeri v. Manhattan R. Co., 133 N. Y. 266, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632. The cases of Kennedy v. White, 91 App. Div. 475, 86 N. Y. Supp. 852, Weinstein v. Singer Mfg. Co., 121 App. Div. 708, 106 N. Y. Supp. 517, and McGrath v. Michaels, 80 App. Div. 458, 81 N. Y. Supp. 109, relied upon by respondent, are

all distinguishable from the case at bar, and therefore inapplicable as precedents.

As the trial justice erred in dismissing the complaint, the judgment based thereon should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.