GENE HERRMAN, Appellant, v. NEW YORK EDISON COMPANY, Respondent.

First Department, December 15, 1916.

Principal and agent — liability of electric company for assault by agent in attempting to cut off current — evidence — questions for jury.

In an action to recover damages for an alleged assault by defendant's agent, it was claimed by the plaintiff that said agent came to her apartment when she was dressed only in her negligee, and against her objection forced his way into the room and sought to shut off the current because the bill had not been paid, although she told him that it would be immediately attended to by her husband. The agent contradicted the plaintiff, denied the assault and the forcible entry, and claimed that he had been instructed by the defendant not to enter a house in case entry was objected to.

Held, on all the evidence, that the court should have submitted for the determination of the jury the question whether the agent committed an assault, and if so, whether it was committed while he was acting within the scope of his employment.

APPEAL by the plaintiff, Gene Herrman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 14th day of April, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from an order entered in said clerk's office on the 10th day of May, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Siegletuch & Silverman,* for the appellant.

*Thomas H. Beardsley,* for the respondent.

DAVIS, J.:

In this action the plaintiff sued to recover damages for an assault by defendant's agent on June 9, 1914.

The court dismissed the complaint upon defendant's motion at the close of the case.

On the day in question the plaintiff was living with her husband on the second floor of 914 Simpson street, Bronx. According to her statement she was alone at home about two P. M., dressed only in her night gown, kimono and bedroom shoes, and was ill. Her bell rang and she went to the door, opened it slightly and asked who was there. The defendant's agent answered saying that he had come to collect a bill for the defendant. Plaintiff said something in explanation of the failure to pay the bill and promised that it would be attended to immediately by her husband. She then requested the agent to leave. In reply to this demand the agent said that he must receive the money then or cut off the current. The plaintiff remonstrated at this, saying that being in negligee she could not let him in her apartment, and she attempted to close her door. The agent prevented this and by superior force succeeded in pushing open the door and gaining an entrance. His entrance was followed by protestations on plaintiff's part against this forcible entry into her apartment and she says that the agent struck her and violently pushed her. There followed a struggle in which she attempted to keep him from getting to the meter and to eject him from her rooms. In this struggle she was bruised and cut. She made an outcry and the agent ran out without cutting off the service. In explanation of her endeavor to keep the agent from the meter she says she thought it unjust to turn off the current when she had money on deposit with defendant in excess of the amount of the arrears, and also because she was indignant at the agent for forcing himself into her apartment at a time and under conditions inconvenient and embarrassing to her personally.

The agent contradicted the plaintiff in almost every particular. He denied the assault and the forcible entry, and testi-

fied that plaintiff admitted him freely to the apartment and assaulted him in her attempt to prevent his reaching the meter to cut off the service.

He further testified that he was what is known as a "cut-off man," his duties being to collect the bill, or failing in that to cut off the service; that he was instructed by the defendant not to enter a house in case entry was objected to, but to report to the defendant "no access."

In dismissing the complaint the court said: "Conceding * * * there was an assault, was this man acting under the instructions of his employer in committing the assault?" Evidently the court took the view that because the acts complained of were committed by the agent contrary to express instructions of the defendant, the assault, if any, was committed while the agent was acting beyond the scope of his employment. The plaintiff asked to go to the jury upon all the questions of fact in the case, specifying the question of fact as to whether an assault was committed, and if so, whether it was committed while the agent was acting within the scope of his employment.

This request was refused and appropriate exception was taken.

The giving of the alleged instructions to the agent would not necessarily relieve the defendant of liability for the assault, if in fact the agent committed the assault in the course of the prosecution of the business intrusted to him by the defendant. (*Becker* v. *Borck*, 157 N. Y. Supp. 505; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Mott* v. *Consumers' Ice Co.*, 73 id. 543.)

Upon this record we are of opinion that the court should have submitted for the determination of the jury the question whether the agent committed an assault, and if so, whether it was committed while he was acting within the scope of his employment.

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.