Bonwit, Teller & Co., Plaintiff, *v.* Elizabeth K.
Hosford, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan,
Ninth District, June, 1919.)

Agency — act of elevator man in apartment house in accepting package
for delivery to tenant not within scope of his employment.

Plaintiff, a department store, having sold a fur coat to a
tenant in defendant's apartment house, plaintiff's driver took
it to the apartment house and delivered it to the elevator man
but the coat was never delivered to the buyer. In an action to
recover the value of the coat it appeared that the elevator man
after telling the driver, who for five years had been delivering
for plaintiff to the same elevator man packages for other ten-
ants in the apartment house, that the buyer was not at home,
said he would take the package, which he did, and gave a receipt
therefor. Upon giving judgment in favor of defendant, *held*,
that the act of the elevator man in accepting the package for
delivery was not within the general scope of his employment,
but that he was acting either in behalf of plaintiff or the buyer
for whom the package was delivered.

The nature and substance of the cause of action as
stated upon the summons is as follows: "Action to
recover the value of a fur coat which the defendant,
her agent, servant or employee received from the plain-
tiff on or about the 12th day of December, 1918, and
which the defendant, her agent, servant or employee
has wholly failed and refused to deliver to the third
party or to the plaintiff upon demand, pursuant to its
obligations."

Paskus, Gordon & Hyman (Julian T. Abeles, of
counsel), for plaintiff.

Phillips & Avery (Earl A. Darr and C. Royall
Frazer, of counsel), for defendant.

LAUER, J.   The evidence shows that a Mrs. Van Ripper, who resided in the defendant's apartment house, purchased a fur coat from the plaintiff, a department store in the city of New York.   The driver of the plaintiff took the coat to the defendant's apartment house and delivered it to an employee of the defendant, who ran an elevator in the defendant's apartment house, where Mrs. Van Ripper resided.   The coat was never delivered to Mrs. Van Ripper.   The evidence of the elevator man showed that he put it back of the telephone switchboard in the hall of the apartment house, from which place it disappeared.   The evidence on the part of the plaintiff showed that inquiries were made of this elevator man whether Mrs. Van Ripper was home and after replying in the negative the elevator man said he would take the package.   The driver left the package and secured his receipt from the elevator man.   The proof on the part of the plaintiff further showed that this particular driver had been delivering packages for the plaintiff to other tenants in the apartment house by leaving them with the same elevator man for a period of about five years.   It is claimed by the plaintiff that the act on the part of the defendant's servant in receiving the package for delivery to one of the tenants was an act done in the prosecution of his employer's business and for the failure properly to perform this act his master, the defendant, is responsible.

Both sides concede that the question presented under the facts of this case is a novel one and counsel state they have not been able to find in either this or any other state a decision under the same or similar facts.   The proof on the part of the plaintiff failed to show that the elevator man who received the package was employed by the defendant for this purpose.   The plaintiff contends that the court should take judicial knowledge of the duties of a hall or elevator man of

this character but that in any event the duty performed was one in the interests of the master and within the scope of his employment. If the evidence on the part of the defendant be regarded it shows that the delivery of packages was not part of the employee's duties and was contrary to instructions given by the master. It is of course a general principle of the law that the acts of a servant cannot be deemed those of and chargeable to the master unless authorized by him, and a servant cannot bind his master except as the master either expressly or by his acts empowers a servant. *Booth* v. *Litchfield,* 201 N. Y. 466, 469. The party who seeks to charge the master for the acts of his servant has the burden of proving authority adequate therefor in the servant. *Booth* v. *Litchfield, supra.*

I should not be willing to say as a matter of judicial knowledge that hall men and elevator men in apartment houses in the city of New York are generally employed to accept packages for tenants. Certainly this would not seem to me to be the case where facilities are afforded to those who desire to make delivery to the tenants to go directly to the tenant's apartment, as seems to be the case in the defendant's apartment house. In any event there is no evidence offered on the part of the plaintiff that the opportunity to go to the apartments of the tenants in the house was not afforded to the plaintiff's driver. The inference is that that is the practice in this particular house, except in the instances where perhaps the tenants were not at home and the apartments were closed. It would seem that the delivery of packages to the elevator man was rather an accommodation to the plaintiff's driver than a service performed for the owner of the apartment house. The driver, by the delivery of the package to the elevator man, was saved the trouble and annoyance of one or more further attempts to make a

delivery to the tenant for whom the package was intended.

The general rule of agency is that a party dealing with an agent must ascertain the extent of the powers delegated to him and must abide by the consequences if he transcends them. *Everdell* v. *Carrington,* 154 App. Div. 500, 502, citing *Porges* v. *U. S. Mortgage & Trust Co.,* 203 N. Y. 181. If, however, the act performed by the agent or servant is within the scope of the general authority conferred by his position and duties the principal or master would be liable. *Muller* v. *Hillenbrand,* 179 App. Div. 831, 833; *Wallace* v. *Casey Co.,* 132 App. Div. 35, 41.

The rule has been thus stated by the Court of Appeals: "The maxim *respondeat superior* applies, provided only, that the agent was acting at the time for the principal, and within the scope of the business intrusted to him." *Higgins* v. *Watervliet Turnpike Co.,* 46 N. Y. 23, 27.

The query therefore in the present case is, was the elevator man acting for his principal, the owner of the apartment house, and within the general scope of his employment. If he was, the defendant would be liable, even though, perhaps, he had received instructions not to accept and deliver packages for the tenants, as the evidence on the part of the defendant shows was the case here. *Muller* v. *Hillenbrand, supra.*

As I have said, it does not seem to me that the delivery of packages to the tenants, as part of the duty owing by the elevator man to the owner of the apartment house, can be said to be within the general scope of his employment to act as hall man and run an elevator. Rather would it appear to me to be an act of accommodation to the driver of the plaintiff's delivery wagon. The mere fact than on other occasions during a period of five years this same boy had performed

other acts of a similar nature not shown to have been brought home to the knowledge of the defendant cannot, it seems to me, be regarded as evidence of other than repeated acts of accommodation to the plaintiff's driver. A different inference might properly be drawn in a case where deliveries are not permitted to be made direct to the apartments of the tenants. The plaintiff's proof fails to show such a condition in the apartment house in question. If the testimony of the elevator man be regarded as material it would tend to show that he accepted the package pursuant to the instructions of the tenant, thus becoming the agent of the tenant for this purpose.

While I realize the force of the argument presented by the plaintiff in this case and that perhaps the matter is not altogether free from doubt, nevertheless it is my opinion that the elevator boy in the present case was not acting in his employer's behalf but either in behalf of the plaintiff or the tenant for whom the package was delivered and that his act in accepting the package for delivery was not within the general scope of his employment.

Entertaining these views it follows that the judgment should be for the defendant.

Judgment accordingly.